**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| LARRY WESTERVELT, §<br>　　Plaintiff, §<br>§<br>v. §<br>§<br>OCWEN LOAN SERVICING, LLC, U.S. §<br>BANK NATIONAL ASSOCIATION, §<br>SUCCESSOR-IN-INTEREST TO §<br>WACHOVIA BANK, N.A., AS TRUSTEE §<br>FOR THE REGISTERED HOLDERS OF §<br>AEGIS BACKED SECURITIES TRUST, §<br>MORTGAGE PASS-THROUGH §<br>CERTIFICATES, SERIES 2005-5, and §<br>BROWN & SHAPIRO, LLP, §<br>　　Defendants. § | | Case No. 4:08-cv-413 |

**MEMORANDUM OPINION & ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

Before the court are the Plaintiff's Motion to Remand (de # 8) and the Defendants' Response (de # 9) thereto. In his Motion, Westervelt requests that the court remand this civil action to the 362nd Judicial District Court for Denton County, Texas. Having reviewed the Motion, the arguments presented by the parties and the relevant legal principles, the court is of the opinion that the Plaintiff's Motion should be GRANTED.

In August of 2005, Westervelt purchased a plot of real property in Lewisville, Texas. At some point[1], Westervelt evidently defaulted on the loan used to buy the property. Accordingly, the lender threatened to initiate, or in fact has initiated, foreclosure proceedings. Westervelt, through his attorney, wrote a letter to the lender requesting copies of certain documents related to the 2005

---

[1] The parties do little to provide the court with the factual background of this case. The above discussion reflects what can be gleaned from the petition filed by the Plaintiff in state court.

purchase, including original copies of the promissory note and the deed of trust securing the property. Brown & Shapiro, LLP (hereinafter, "Brown"), acting as counsel for the other Defendants in the collection matter, responded with a letter addressing Westervelt's cocnerns. Evidently, Westervelt was not provided with the requested documents. Westervelt then filed his lawsuit in the 362nd District Court for Denton County, Texas, pressing various state law claims and seeking a restraining order to prevent the foreclosure proceedings from continuing. On November 6, 2008, Ocwen and U.S. Bank removed the matter to this court under 28 U.S.C. § 1446 based on the court's diversity jurisdiction.

On December 10, 2008, Westervelt filed this Motion, arguing that the parties' citizenship is not diverse. Indeed, Westervelt, a Texas resident, has sued a Florida resident (Ocwen), a Minnesota resident (U.S. Bank) and a Texas resident (Brown). In his Motion, Westervelt argues that Brown itself is answerable for its own actions and has not been sued merely in its capacity as an agent for the other Defendants. The Defendants argue that Brown acted merely as an agent and that its citizenship should, therefore, not be considered in the court's subject matter jurisdiction analysis.

The court has original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332 (2006). Since the Supreme Court's decision in *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), Section 1332's diversity requirement has been interpreted as requiring complete diversity. *See, e.g.*, *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Complete diversity exists "only if there is no plaintiff and no defendant who are citizens of the same State." *Id*. In responding to a motion to remand, the removing defendant carries the "burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998).

Additionally, because the removal statute "raises significant federalism concerns," it is strictly construed, and all doubts regarding the propriety of removal are to be resolved in favor of remand. *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

The Defendants argue that Brown was fraudulently joined to destroy diversity. Where the plaintiff has "any possibility of recovery against the party whose joinder is questioned," that party's citizenship must be considered. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000) (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)). In Texas, an agent is generally liable for its own torts. *Law Offices of Robert L. Crill, Inc. v. Bond*, 76 S.W.3d 411, 423 (Tex. App.—Dallas 2001, pet. denied). Thus, if Westervelt has alleged a viable tort claim against Brown under Texas law, its citizenship must be considered. *See Hart*, 199 F.3d at 247-48.

Westervelt has alleged that Brown is a "third party debt collector" under Section 392.001 of the Texas Finance Code. Texas law defines a third party debt collector as

> a debt collector, as defined by 15 U.S.C. Section 1692a(6), but does not include an attorney collecting a debt as an attorney on behalf of and in the name of a client unless the attorney has nonattorney employees who:
>
> (A) are regularly engaged to solicit debts for collection; or
>
> (B) regularly make contact with debtors for the purpose of collection or adjustment of debts.

TEX. FIN. CODE ANN. § 392.001(7) (Vernon 2009). "Debt collector" is defined in the United States Code as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (2006). Westervelt alleges that Brown's status as a third party debt collector

exposes Brown to liability under the Texas Debt Collection Act and the Texas Deceptive Trade Practices Act.

It is well settled that an attorney is not exempt from liability as a debt collector under the Fair Debt Collection Practices Act ("FDCPA"). *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995); *Addison v. Braud*, 105 F.3d 223, 224 n.1 (5th Cir. 1997); *Fouche' v. Shapiro & Massey L.L.P.*, 575 F. Supp. 2d 776, 784 (S.D. Miss. 2008). As long as the attorney *regularly* collects or attempts to collect debt on the behalf of another, he is a debt collector subject to the provisions of the FDCPA. Because the Texas law traces the federal definition of debt collector, Brown can be subject to liability as a third party debt collector as long as it meets the remaining requirements of that term.

An attorney acting on behalf of a client is typically not a third party debt collector. But if the attorney employs nonattorneys who are regularly engaged to solicit debts for collection or who regularly make contact with debtors for the purpose of collection, the attorney becomes a third party debt collector. TEX. FIN. CODE ANN. § 392.001(7). There is no evidence to suggest that Brown does not engage nonattorney personnel in such a manner. And Westervelt's allegation that Brown is a third party debt collector brings Brown into this lawsuit not merely as an agent acting on behalf of the other Defendants but as a party that is subject to liability for its own actions.[2] Accordingly, Brown's citizenship must be considered. Brown being a Texas resident, there is not complete diversity among the parties, and the court lacks diversity jurisdiction over this lawsuit. Because there are no other bases on which this court could potentially ground jurisdiction over the subject matter, the matter must be remanded pursuant to 28 U.S.C. § 1447(c).

---

[2] The fact that Brown has not been served with process does not alter this conclusion. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998).

This lawsuit was removed to this court solely on the purported basis of the parties' diverse citizenship. Westervelt has pled that Brown & Shapiro, LLP is a third party debt collector under Texas law. Accordingly, it faces the prospect of liability under Texas law not merely as an agent of the other Defendants but as a party-defendant whose citizenship must be considered. The Defendants have not carried their burden to establish that removal was proper. As such, the court finds that the Plaintiff's Motion to Remand (de # 8) should be, and hereby is, GRANTED. It is

ORDERED that any other pending motions should be, and hereby are, DENIED AS MOOT. It is further

ORDERED that this case is REMANDED to the 362nd Judicial District Court for Denton County, Texas.

**SIGNED this the 14th day of August, 2009.**

_Richard A. Schell_
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE